## HENRY NICHOLAS v. THE STATE.

### No. 378. Decided February 2, 1910.

**Carrying Pistol—Newly Discovered Evidence.**

Where defendant's motion for new trial, after conviction of unlawfully carrying a pistol, set out testimony which could in no sense be said to be newly discovered, and which showed the lack of diligence on defendant's part in not obtaining the same, there was no reversible error.

Appeal from the County Court of Fisher. Tried below before the Hon. J. D. Barker.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was charged by indictment filed in the County Court of Fisher County on March 8, 1909, with unlawfully carrying on and about his person a pistol in said county. On April 21 thereafter he was by the jury found guilty as charged, and his punishment assessed at a fine of $100.

The evidence for the State is to the effect, in substance, that he, appellant, brought the pistol to the dugout of one Jim Petty, in company with Jack Tidwell, and that appellant stated that he had got the pistol from one Dave Sayles. Appellant denied having the pistol or having brought it to Petty's, or having carried it away from there. He states that he saw the pistol at Petty's dugout; that it was not his property, and that he had no connection with it, and denied the statement that he had said that he had obtained same from Dave Sayles.

After conviction appellant filed a motion for new trial based on the testimony of Tidwell, which he claimed to have been newly discovered. All the witnesses showed that Tidwell had gone with him to Petty's, and that he knew what his testimony would be, in the nature of things, is obvious. It can in no sense be said to be newly discovered, and he was lacking in any sort of diligence in not obtaining same if it would have been valuable to him. The fact, as stated in the motion, that Tidwell was not on good terms with him, does not affect the question.

Finding no error in the judgment of the court below, it is hereby in all things affirmed.

*Affirmed.*